# EXHIBIT A

**COPY**

SUM-100

| | |
|---|---|
| **SUMMONS** **(CITACION JUDICIAL)** **BY FAX** | *FOR COURT USE ONLY* *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** GEODIS LOGISTICS LLC, a Tennessee limited
**(AVISO AL DEMANDADO):** liability company; and DOES 1 through 50, inclusive,

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 23 2017

BY ___Leanne M Landeros___
LEANNE M. LANDEROS, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JOSE RIOS LUNA, on behalf of himself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

CASE NUMBER:
*(Número del Caso):*
DS1712022

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436                818-582-3086

DATE: JUN 23 2017
*(Fecha)*

Clerk, by **LEANNE M. LANDEROS**, Deputy
*(Secretario)*                                                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* GEODIS LOGISTICS LLC, a Tennessee limited liability company

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**Exhibit A, Page 6**

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq. / Sehyung "Logan" Park, Esq. SBN: 179684 / 308281 THE SPIVAK LAW FIRM 16530 Ventura Blvd., Suite 312, Encino, CA 91436 TELEPHONE NO.: 818-582-3086  FAX NO.: 818-582-2561 ATTORNEY FOR *(Name)*: Jose Rios Luna | **F I L E D** SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT JUN 23 2017 BY _Leanne M Landeros_ LEANNE M. LANDEROS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

| CASE NAME: JOSE RIOS LUNA, et al. v. GEODIS LOGISTICS LLC, a Tennessee limited liability company; et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVDS1712022 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**BY FAX**

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 23, 2017

David Spivak, Esq. / Sehyung "Logan" Park, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

**Exhibit A, Page 7**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Exhibit A, Page 8

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVDS1712022

JOSE RIOS LUNA, et. al.

CASE NO.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

GEODIS LOGISTICS LLC, et. al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the CENTRAL_____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General                    ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Defendant is found, maintains offices, and transacts business within this district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| GEODIS LOGISTICS LLC | | 2301 W. San Bernardino Ave. |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |
| Redlands | CA | 92374 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 23, 2017_____ at Encino_____, California

_____
Signature of Attorney/Party

**CERTIFICATE OF ASSIGNMENT**

13-16503-360, Rev 06-2014

**BY FAX**

COPY

1  DAVID G. SPIVAK (SBN 179684)
       david@spivaklaw.com
2  SEHYUNG "LOGAN" PARK (SBN 308281)
       logan@spivaklaw.com
3  THE SPIVAK LAW FIRM
   9454 Wilshire Blvd., Ste 303
4  Beverly Hills, CA 90212
5  Telephone (310) 499-4730
   Facsimile (310) 499-4739
6

7  Attorneys for Plaintiff,
   JOSE RIOS LUNA, and all others similarly situated

8

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 23 2017

BY _Leanne M. Landeros_
   LEANNE M. LANDEROS, DEPUTY

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF SAN BERNARDINO
                  *(UNLIMITED JURISDICTION)*

11

12  JOSE RIOS LUNA, on behalf of himself and       Case No.:  CIVDS1712022
    all others similarly situated,
13                                                 **INDIVIDUAL AND CLASS ACTION**
14          *Plaintiff(s),*
                                                   **COMPLAINT FOR:**
15          vs.                                    1.  Failure to Provide Timely Meal Periods
                                                       (Lab. Code, §§ 226.7, 512, 1198);
16  GEODIS LOGISTICS LLC, a Tennessee              2.  Failure to Provide All Paid Rest Periods
    limited liability company; and DOES 1 through      (Lab. Code, §§ 226.7, 1198);
17  50, inclusive,                                  3.  Failure to Pay for All Hours Worked at
18                                                     the Correct Rates of Pay (Lab. Code, §§
            *Defendant(s).*                            510, 1194, 1197, and 1198);
19                                                 4.  Failure to Provide Accurate Written
                                                       Wage Statements (Lab. Code, § 226(a));
20                                                 5.  Failure to Timely Pay All Final Wages
21                                                     (Lab. Code, §§ 201-203);
                                                   6.  Unfair Competition (Bus. & Prof. Code,
22                                                     § 17200 et seq.);
23                                                 7.  Wrongful Termination in Violation of
                                                       Public Policy;
24                                                 8.  Retaliation (Gov. Code, § 12940(h));
                                                   9.  CFRA Retaliation (Gov. Code, §
25                                                     12945.2(l)); and
26                                                 10. FMLA Retaliation (29 U.S.C. §
                                                       2615(a)(2)).
27
28                                                 **JURY TRIAL DEMANDED**

BY FAX



**SPIVAK LAW**
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

1

**Exhibit A, Page 10**

Plaintiff, JOSE RIOS LUNA (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this individual and class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), the Business and Professions Code, and public policy against Defendants GEODIS LOGISTICS LLC, and Does 1-50, inclusive (collectively "Defendants").

2.      As set forth in more detail below, Plaintiff alleges that Defendants are liable to him and other similarly situated current and former non-exempt hourly employees in California for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to: (1) provide all timely meal periods, (2) provide all paid rest periods, (3) pay all wages for all hours worked at the correct rates of pay, (4) provide accurate wage statements, (5) timely pay final wages upon termination of employment, and (6) fairly compete. Defendants are also liable to Plaintiff for retaliation and wrongful termination. Accordingly, Plaintiff now seeks to recover unpaid wages, compensatory damages, penalties, and related relief through this individual and class action.

## JURISDICTION AND VENUE

3.      Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") on June 16, 2017 regarding the individual Fair Employment and Housing Act, Government Code section 12900 et seq., claims in this Complaint. DFEH issued Plaintiff his Right to Sue Notice on the same day. He has one year from that date to raise his claims in court.

4.      This Court has subject matter jurisdiction because the aggregate claims of Plaintiff and class members, inclusive of all relief, place more than $25,000 in controversy.

5.      Plaintiff asserts claims on behalf of himself and class members that arise under California law and the Family and Medical Leave Act ("FMLA"). "An action to recover the damages or equitable relief prescribed [by the FMLA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees." (29 U.S.C. § 2617.)

6.      Venue is proper in San Bernardino County pursuant to California Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in San Bernardino County because at least some of the transactions that are the subject matter of this Complaint occurred therein

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

2

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

**Exhibit A, Page 11**

and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

7.      Plaintiff is a resident of San Bernardino, California. Defendants employed Plaintiff as an hourly forklift operator from approximately 2013 to June 23, 2016. Defendant employed Plaintiff to perform work in San Bernardino County.

8.      Defendant GEODIS LOGISTICS LLC is a limited liability company organized and existing under the laws of Tennessee. Defendant GEODIS LOGISTICS LLC is also a citizen of California based on Plaintiff's information and belief.

9.      Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

10.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and the other members of the below-described class in accordance with applicable California labor laws as alleged herein.

12.     Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

13.     This action has been brought and may be maintained as a class action pursuant to

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rios v. Geodis Logistics LLC, et al.*                                    Individual and Class Action Complaint

**Exhibit A, Page 12**

California Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable class defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14. **Class Definition:** The class is defined as follows: All individuals Defendants employed in California as non-exempt hourly employees, including but not limited to forklift operators and comparable positions, at any time during the period beginning four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

15. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity by further division into subclasses and/or by limitation to particular issues.

16. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A. Whether Defendants failed to provide the class with all meal periods in compliance with California law.

B. Whether Defendants failed to provide the class with all rest periods in compliance with California law.

C. Whether Defendants failed to pay all wages earned to class members for all hours worked.

D. Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements.

E. Whether Defendants willfully failed to provide the class with timely final wages.

F. Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code section 17200 et seq. with respect to the class.

G. Are class members entitled to recover earned and unpaid wages for

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

4

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

**Exhibit A, Page 13**

Defendants' alleged Labor Code violations described herein?

H.      Is there money or property that Defendants may have acquired from class members through alleged Labor Code violations?

I.      Are class members entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations?

J.      Are class members entitled to liquidated damages?

K.      Are class members entitled to prejudgment interest?

L.      Are class members entitled to attorneys' fees?

18.     **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

19.     **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

20.     **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.     **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in



**SPIVAK LAW**

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

5

**Exhibit A, Page 14**

individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE TIMELY MEAL PERIODS

#### (Lab. Code, §§ 226.7, 512, 1198)

#### (By Plaintiff and the Class against Defendants)

22.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

23.    At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code sections 226.7, 512, and 1198 and the Wage Order.

24.    Labor Code section 1198 states:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

25.    In relevant part, Labor Code section 512 states:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

26.    In relevant part, section 11 of the Wage Order states:

### Meal Periods

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.



**SPIVAK LAW**

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

6

**Exhibit A, Page 15**

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

27.      In addition, Labor Code section 226.7 states:

(b)      An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)      If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

28.      Pursuant to the Labor Code and the Wage Order, Plaintiff and the class were entitled to uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Defendants were required to provide the meal periods no later than the start of Plaintiff and the class' sixth hour of work. Further, Plaintiff and the class were entitled to second uninterrupted 30-minute meal periods on days they worked more than 10 hours.

29.      Defendants failed to provide Plaintiff and the class with all timely meal periods. Defendants prohibited Plaintiff and the class from taking meal periods unless their supervisors expressly permitted them. Approximately four times per week, the supervisors did not permit Plaintiff and the class to take their meal periods until their sixth or seventh work hour. The supervisors also did not permit Plaintiff and the class to take a second meal period unless they worked in excess of 12 hours in a workday.

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

7

*Rios v. Geodis Logistics LLC, et al.*                     Individual and Class Action Complaint

30.     Defendants at all relevant times failed to pay premium wages to Plaintiff and the class when Defendants failed to provide them with meal periods in compliance with California law. To avoid paying them premium wages, Defendants instructed Plaintiff and the class to record on their timesheets that they took meal periods within their fifth work hour even when Defendants did not permit them to take their meal periods until their sixth or seventh work hour. When Plaintiff and the class failed to record meal periods within their fifth work hour, Defendants edited their time records to state that Defendants had provided them with meal periods within their fifth work hour.

31.     Defendants did not enter into a written agreement with Plaintiff and the class permitting on-duty meal periods. Plaintiff and the class did not waive their rights to second meal periods for shifts lasting 10 to 12 hours.

32.     Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants failing to provide Plaintiff and the class all timely meal periods and premium wages for all workdays Defendants failed to provide Plaintiff and the class all timely meal periods in compliance with California law.

33.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid premium wages owed for all workdays Defendants failed to provide a timely meal period to them.

34.     By reason of the above, Plaintiff and the class are entitled to premium wages for workdays in which one or more timely meal period was not provided to them pursuant to California Labor Code section 226.7.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ALL PAID REST PERIODS

#### (Lab. Code, §§ 226.7, 1198)

#### (By Plaintiff and the Class against Defendants)

35.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

36.     At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code sections 226.7 and 1198 and the Wage Order.

37.     Labor Code section 1198 states:

**SPIVAK LAW**

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

8

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

38.    In relevant part, section 12 of the Wage Order states:

**Rest Periods**

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

39.    In addition, Labor Code section 226.7 states:

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

40.    Pursuant to the Wage Order, Plaintiff and the class were entitled to net rest periods of at least 10 minutes for each four-hour period of work or major fraction thereof.

41.    Defendants prohibited Plaintiff and the class from taking rest periods unless their supervisors expressly permitted them. Approximately three times per week, Plaintiff and the class' supervisors permitted them only one 10-minute rest period for the entire shift. Defendants

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

9

*Rios v. Geodis Logistics LLC, et al.*                          Individual and Class Action Complaint

**Exhibit A, Page 18**

at all relevant times failed to pay premium wages to Plaintiff and the class when Defendants failed to provide them with all rest periods required by California law. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants failing to provide Plaintiff and the class all rest periods and premium wages for all workdays they failed to provide Plaintiff and the class a rest period required by California law.

42.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid premium wages owed for all workdays Defendants failed to provide a rest period to them.

43.    By reason of the above, Plaintiff and the class are entitled to premium wages for workdays in which one or more rest period was not provided to them pursuant to California Labor Code section 226.7.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY EMPLOYEES ALL WAGES FOR ALL HOURS WORKED AT THE CORRECT RATES OF PAY

### (Lab. Code §§ 510, 1194, 1197, and 1198)

### (By Plaintiff and the Class against Defendants)

44.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

45.    At all relevant times, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of the California Labor Code sections 510, 1194, 1197, and 1198 and the Wage Order.

46.    Under Labor Code section 1197, "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

47.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

48.    Section 3 of the applicable Wage Order states:

(A)    Daily Overtime - General Provisions

(1)    The following overtime provisions are applicable to employees 18 years of

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rios v. Geodis Logistics LLC, et al.*    Individual and Class Action Complaint

**Exhibit A, Page 19**

age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a)    One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b)    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c)    The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

49.    Labor Code section 510 states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

50.    Labor Code section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

51.    With respect to overtime wages, the regular rate of pay under California law must include "all remuneration for employment paid to, on behalf of, the employee." (DLSE Opn. Letter No. 2002-06-14-1 [quoting 29 U.S.C. § 207(e)].) This requirement includes, but is not limited to, non-discretionary bonuses. (See, e.g., *Huntington Memorial Hosp. v. Superior*



**SPIVAK LAW**

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

11

*Rios v. Geodis Logistics LLC, et al.*                                          Individual and Class Action Complaint

**Exhibit A, Page 20**

*Court* (2005) 131 Cal. App. 4th 893, 904–905.) Commissions and bonuses must be included in the regular rate whether they are the sole source of the employee's compensation or are in addition to a guaranteed salary or hourly rate. (29 C.F.R. §§778.117, 778.208; see *Oliver v. Mercy Med. Ctr., Inc.* (9th Cir 1982) 695 F.2d 379.)

52.     The method for calculating the regular rate on commissions or bonuses is as follows: The total commission or bonus earnings are divided by the total number of hours worked in the commission or bonus period to calculate the regular rate. (See 2002 DLSE Enforcement Policies and Interpretations Manual (rev 2009) §§ 49.2.1.2, 49.2.4 (DLSE Manual); DLSE Opn. Letter Nos. 2002-06-14-1, 1988-06-02.) The employee must then be paid an additional one-half of the regular rate for all overtime hours worked in the commission or bonus period. (See DLSE Manual, *supra*, §§ 49.2.1.2, 49.2.4; DLSE Opn. Letter Nos. 2002-06-14-1, 1988-06-02.) The full regular rate is owed for double-time hours worked in the workweek (i.e., twice the regular rate is paid for those hours). (See DLSE Manual, *supra*, §§ 49.2.1.2, 49.2.4; DLSE Opn. Letter Nos. 2002-06-14-1, 1988-06-02.)

53.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and class members with respect to working conditions and compensation arrangements.

54.     Defendants compensated Plaintiff and the class based on hours worked and non-discretionary bonuses based on attendance.

55.     At all relevant times during the applicable limitations period, Defendants failed to include the non-discretionary bonuses in the regular rate of pay for purposes of calculating overtime pay rates. Further, Defendants knowingly required Plaintiff and the class to work through their second and third 10-minute rest periods without compensating them separately for such time. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class for all hours worked in compliance with California law.

56.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including minimum, overtime, and doubletime wages.

**SPIVAK LAW**
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

12

*Rios v. Geodis Logistics LLC. et al.*                                   Individual and Class Action Complaint

**Exhibit A, Page 21**

57.    Pursuant to Labor Code section 1194, Plaintiff, on behalf of himself and class members, seeks to recover unpaid minimum, overtime, and doubletime wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS**

**(Lab. Code, § 226)**

**(By Plaintiff and the Class against Defendants)**

58.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

59.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code section 226.

60.    Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing:

A.    Gross wages earned,

B.    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission,

C.    The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

D.    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

E.    Net wages earned,

F.    The inclusive dates of the period for which the employee is paid,

G.    The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

H.    The name and address of the legal entity that is the employer, and

I.    All applicable hourly rates in effect during the pay period and the

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

13

*Rios v. Geodis Logistics LLC, et al.*                                      Individual and Class Action Complaint

**Exhibit A, Page 22**

corresponding number of hours worked at each hourly rate by the employee.

61.     Pursuant to California Labor Code section 226, subdivision (e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorneys' fees.

62.     Pursuant to California Labor Code section 226, subdivision (e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code section 226, subdivision (a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code section 226, subdivision (a);

B.     Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.     The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.     The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

63.     "Promptly and easily determine," as stated in California Labor Code section 226, subdivision (e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

64.     As a result of the violations stated above, Defendants failed to provide Plaintiff and the class with itemized written wage statements that accurately stated all wages earned, all hours worked, applicable hourly rates, and corresponding number of hours worked at each hourly rate.

65.     Defendants' failure to provide Plaintiff and the class with accurate wage



SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

14

*Rios v. Geodis Logistics LLC, et al.*                                   Individual and Class Action Complaint

**Exhibit A, Page 23**

statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate. Specifically, Defendants altered Plaintiff and the class' time records and instructed them to create false time records to avoid paying them premium wages.

66.     As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements: prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code section 226, subdivision (a).

67.     Pursuant to California Labor Code section 226, subdivision (e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of $50 for the initial pay period in which a violation of California Labor Code section 226, subdivision (a) occurred and $100 for each violation of California Labor Code section 226, subdivision (a) in a subsequent pay period, not to exceed an aggregate penalty of $4,000, and are also entitled to an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (Lab. Code, §§ 201-203)
### (By Plaintiff and the Class against Defendants)

68.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

69.     At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code sections 201 to 203 and the Wage Order.

70.     Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

**SPIVAK LAW**

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

15

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

71.    Labor Code section 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

72.    By failing to pay all minimum, overtime, doubletime, and premium wages to Plaintiff and the class, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code section 201 or 202.

73.    Labor Code section 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code section 201 or 202.

74.    Plaintiff is informed and believes that Defendants' failure to timely pay Plaintiff and the class all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements. Specifically, Defendants altered Plaintiff and the class' time records and instructed them to create false time records to avoid paying them premium wages.

75.    Pursuant to Labor Code section 203, Plaintiff seeks waiting time penalties on behalf of himself and the class in amounts subject to proof not to exceed 30 days of waiting time penalties.

### SIXTH CAUSE OF ACTION

#### UNFAIR COMPETITION

#### (Bus. & Prof. Code, § 17200 et seq.)

#### (By Plaintiff and the Class against Defendants)

76.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

77.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code section 17200 et seq.

78.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code section 17200 et seq. Due to their unfair and unlawful business practices alleged herein, Defendants

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

16

*Rios v. Geodis Logistics LLC, et al.*    Individual and Class Action Complaint

**Exhibit A, Page 25**

have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages and provide employees with all meal and rest periods required by California law.

79.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of minimum, overtime, doubletime, and premium wages (for all workdays Defendants failed to provide a timely meal and/or rest period) and for unpaid wages resulting from Defendants' failure to provide Plaintiff and the class with accurate wage statements.

80.    Pursuant to California Business & Professions Code section 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

81.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY

#### (By Plaintiff individually against Defendants)

82.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

83.    The state and federal statutes recited below embody fundamental, substantial, and well-established public policies of the United States and State of California. By discharging Plaintiff, Defendants violated these fundamental, substantial, and well-established public policies:

(A)    Family and Medical Leave

1.    In 1993, Congress recognized that there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods. (See 29 U.S.C. § 2601(a).) With this in mind, Congress enacted the FMLA to accomplish the following objectives: (1) To balance the demands of the workplace with the needs of families; (2) To promote the stability and economic security of families, and to promote national interests in preserving family integrity; (3) To entitle employees to take reasonable leave for medical reasons and for the care of a child or spouse who has a serious

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

17

health condition; and (4) To accomplish the preceding purposes in a manner that accommodates the legitimate interests of employers. (See 29 U.S.C. § 2601(b).)

2.    In 1995, California adopted similar legislation, the California Family Rights Act ("CFRA").[1] Under the FMLA and the CFRA, an employee who has been employed for at least 1250 hours of service during the preceding 12 months by an employer with at least 50 employees within 75 miles of the employee's work site is eligible for up to 12 weeks unpaid leave (60 eight hour work days) in a 12-month period for the serious health condition of the employee or his spouse. (See 29 U.S.C. § 2612; Gov. Code, § 12945.2; 2 Cal. Code Regs., § 7297.3(c)(2).) 1250 hours is roughly seven months for a full time employee.

3.    Under the FMLA, an employer, or any other person, is prohibited from discriminating against, or discharging, an employee (or discriminating against a non-employee) for taking FMLA leave, or for opposing or complaining about violations of FMLA. (See 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(a)(2)-(3), (c); *Mitchell v. Chapman* (6th Cir. 2003) 343 F.3d 811, 828; *Xin Liu v. Amway Corp.* (9th Cir. 2003) 347 F.3d 1125, 1133, fn. 7.) Similarly, under the CFRA, an employer may not discriminate, discharge or retaliate against an employee for exercising any right under the CFRA. (See Gov. Code, §§ 12940(h), 12945.2(l); 2 Cal. Code Regs., § 7297.7; see also *Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1, 6.)

4.    Government Code section 12945.2(a) makes it an unlawful employment practice for an employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave.

5.    Government Code section 12945.2(l) makes it an unlawful employment practice for an employer to discharge, fine, suspend, expel, or discriminate against, any individual because of the individual's exercise of the right to family care and medical leave.

6.    Under the FMLA, an employee has leave rights for the serious health condition of the employee or the serious health condition of a child, spouse or parent. (See 29 U.S.C. § 2612(a)(1).)

---

[1]    The California Supreme Court recognizes that the CFRA is modeled after the federal legislation. (See *Lonicki v. Sutter Health Central* (2008) 43 Cal.4th 201, 209.)

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

18

*Rios v. Geodis Logistics LLC, et al.*                                        Individual and Class Action Complaint

**Exhibit A, Page 27**

7. The FMLA provides that both the mother and the father are entitled to FMLA leave to be with the healthy newborn child (i.e. bonding time) during the 12-month period beginning on the date of the birth. (See 29 C.F.R. § 825.120(a).) Similarly, the CFRA provides that an employee is entitled to a CFRA leave of absence because of the birth of his child. (See Gov. Code, § 12945.2(c)(3)(A).)

8. It is unlawful for an employer "to interfere with, restrain, or deny the exercise of any right" under the FMLA. (See 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(a)(1).)

9. It is unlawful retaliation for an employer to terminate an employee for his exercise of any right under the FMLA. (See 29 U.S.C. § 2615(a)(2).)

84. In or about August of 2015, Plaintiff learned that his fiancé was pregnant with his child and expected to give birth in May of 2016. Plaintiff notified his managers Yesenia Martinez and Martina Bautista and his coworkers. Between approximately late April of 2016 and early May of 2016, Plaintiff requested time off for the birth and subsequent care of his child. Defendants approved his request for 36 days off beginning May 26, 2016 and ending July 1, 2016.

85. On June 24, 2016, Ana Pinto from Defendants' human resources department notified Plaintiff in writing that Defendants were terminating his employment as of June 23, 2016 due to "Voluntary Resignation." Plaintiff never expressed to Defendants a desire to resign. Plaintiff immediately called Plaintiff's direct supervisor, Henry (unknown last name), who told Plaintiff that Ms. Martinez stated that Plaintiff had voluntarily resigned and that the matter was beyond his control. Plaintiff told Henry that Ms. Martinez's statement was false and that he was on paternity leave. Plaintiff also called Ms. Pinto and explained the situation. Ms. Pinto promised to investigate Plaintiff's termination. However, Ms. Pinto never called and avoided Plaintiff's phone calls.

86. Defendants retaliated against Plaintiff for exercising his FMLA/CFRA rights. Defendants, and each of them, violated fundamental, substantial, and well-established public policies by doing so.

87. The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 203
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rios v. Geodis Logistics LLC, et al.*                     Individual and Class Action Complaint

**Exhibit A, Page 28**

thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

88.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

89.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

90.   WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for:

A.   All actual, consequential and incidental financial losses, including but not limited to loss of earnings, according to proof, together with prejudgment interest pursuant to Civil Code Section 3287 and/or 3288;

B.   General damages in a sum in excess of the jurisdictional minimum of the Superior Court, including compensatory damages for emotional distress;

C.   Punitive damages in a sum in excess of the jurisdictional minimum of the Superior Court;

D.   Attorneys' fees pursuant to Code of Civil Procedure section 1021.5 or any other provision allowed by law or any other provision allowed by law;

E.   Expert witness fees pursuant to Code of Civil Procedure section 998 or any other provision allowed by law;

F.   Prejudgment interest pursuant to Code of Civil Procedure section 998 and Civil Code section 3287(a);

G.   Costs of suit; and

H.   Such other and further relief as the court deems proper.

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

**Exhibit A, Page 29**

## EIGHTH CAUSE OF ACTION

### RETALIATION

#### (Gov. Code, § 12940(h))

#### (By Plaintiff individually against Defendants)

91.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

92.   Plaintiff's protected activity consisted of his leave of absence from May 26, 2016 to July 1, 2016 for the birth and subsequent care of his child.

93.   Defendants notified Plaintiff in writing of their decision to terminate his employment on June 24, 2016 during his leave of absence.

94.   Defendants claim that Plaintiff voluntarily resigned. However, Plaintiff never expressed to Defendants a desire to resign and made clear of his desire to stay to Henry and Ms. Pinto immediately after being informed of his termination. Yet, Defendants made no effort to reinstate him. Ms. Pinto promised to investigate the termination but never called Plaintiff back and began evading Plaintiff's calls.

95.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

96.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

97.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

**Exhibit A, Page 30**

98.     WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for:

A.     All actual, consequential and incidental financial losses, including but not limited to loss of earnings, according to proof, together with prejudgment interest pursuant to Civil Code section 3287 and/or 3288;

B.     General damages in a sum in excess of the jurisdictional minimum of the Superior Court, including compensatory damages for emotional distress;

C.     Attorney's fees pursuant to Code of Civil Procedure section 1021.5, Government Code section 12965, or any other provision allowed by law;

D.     Expert witness fees pursuant to Government Code section 12965, Code of Civil Procedure section 998, or any other provision allowed by law;

E.     Prejudgment interest pursuant to Code of Civil Procedure section 998 and Civil Code section 3287(a);

F.     Costs of suit;

G.     Punitive damages in a sum in excess of the jurisdictional minimum of the Superior Court; and

H.     Such other and further relief as the court deems proper.

## NINTH CAUSE OF ACTION

### CFRA RETALIATION

### (Gov. Code, § 12945.2(l))

### (By Plaintiff individually against Defendants)

99.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

100.    Defendants were at all relevant times employers covered by the CFRA. Additionally, Plaintiff was at all times an employee eligible to take CFRA leave. He exercised his rights to take such leave and Defendants terminated Plaintiff's employment for exercising his rights.

101.    Plaintiff was a fulltime employee of Defendants for many years at the time he took his leave of absence for the birth and subsequent care of his child. Therefore, he was entitled to the protections of the FMLA and CFRA.

102.    Plaintiff's stated reason for his leave of absence (i.e., "newborn baby") undoubtedly qualifies as "family care and medical leave" and "leave for pregnancy or birth"



**SPIVAK LAW**

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

22

*Rios v. Geodis Logistics LLC, et al.*                                    Individual and Class Action Complaint

**Exhibit A, Page 31**

under the CFRA and FMLA, respectively.

103.    As Defendants are well aware, Plaintiff's leave of absence from May 26, 2016 to July 1, 2016 was solely for the birth and subsequent care of his child.

104.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

105.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

106.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

107.    WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for:

A.    All actual, consequential and incidental financial losses, including but not limited to loss of earnings, according to proof, together with prejudgment interest pursuant to Civil Code section 3287 and/or 3288;

B.    General damages in a sum in excess of the jurisdictional minimum of the Superior Court, including compensatory damages for emotional distress, pursuant to Government Code section 12970 or any other provision allowed by law;

C.    Reinstatement pursuant to Government Code section 12970 or any other provision allowed by law;

D.    Attorney's fees pursuant to Code of Civil Procedure section 1021.5,

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

23

Rios v. Geodis Logistics LLC, et al.                    Individual and Class Action Complaint

Exhibit A, Page 32

Government Code section 12965, or any other provision allowed by law;

        E.      Expert witness fees pursuant to Government Code section 12965, Code of Civil Procedure section 998, or any other provision allowed by law;

        F.      Prejudgment interest pursuant to Code of Civil Procedure section 998 and Civil Code section 3287(a);

        G.      Costs of suit;

        H.      Punitive damages in a sum in excess of the jurisdictional minimum of the Superior Court; and

        I.      Such other and further relief as the court deems proper.

## TENTH CAUSE OF ACTION

### FMLA RETALIATION

### (29 U.S.C. § 2615(a)(2))

### (By Plaintiff individually against Defendants)

108.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

109.    Defendants terminated Plaintiff's employment for his exercise of rights under the FMLA.

110.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

111.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

112.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he



SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl, Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

24

will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

113.    WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for:

A.    All actual, consequential and incidental financial losses, including but not limited to loss of earnings and benefits, according to proof, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I) and 29 C.F.R. § 825.400(c) together with prejudgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), 29 C.F.R. § 825.400(c), Civil Code Section 3287 and/or 3288;

B.    General damages in a sum in excess of the jurisdictional minimum of the Superior Court, including compensatory damages for emotional distress;

C.    Punitive damages in a sum in excess of the jurisdictional minimum of the Superior Court;

D.    Attorney's fees pursuant to 29 U.S.C. § 2617(a)(3), 29 C.F.R. § 825.400(c), Code of Civil Procedure Section 998, or any other provision allowed by law;

E.    Expert witness fees pursuant to 29 U.S.C. § 2617(a)(3), 29 C.F.R. § 825.400(c), Code of Civil Procedure Section 998, or any other provision allowed by law;

F.    Interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), 29 C.F.R. § 825.400(c), Code of Civil Procedure Section 998 and Civil Code § 3287(a);

G.    Liquidated damages equal to the entire award of lost wages, benefits, interest and other relief pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), 29 C.F.R. § 825.400(c), or any other provision allowed by law;

H.    Reinstatement pursuant to 29 U.S.C. § 2617(a)(1)(B), (d), 29 C.F.R. § 825.400(c), or any other provision allowed by law;

I.    Costs of suit pursuant to 29 U.S.C. § 2617(a)(3), 29 C.F.R. § 825.400(c), or any other provision allowed by law; and

J.    Such other and further relief as the Court deems proper.

**PRAYER FOR RELIEF**

114.    WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action with respect to Plaintiff's claims for violations of California law;



SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

25

*Rios v. Geodis Logistics LLC, et al.*                    Individual and Class Action Complaint

B.     An order that Plaintiff be appointed class representative;

C.     An order that counsel for Plaintiff be appointed class counsel;

D.     Unpaid wages;

E.     Liquidated damages;

F.     General damages, including compensatory damages for lost wages and emotional distress and humiliation;

G.     Expert witness fees;

H.     Punitive damages;

I.     Back pay;

J.     Front pay;

K.     Statutory penalties;

L.     Civil penalties;

M.     Declaratory and injunctive relief;

N.     Equitable relief;

O.     Actual damages;

P.     Restitution;

Q.     Pre-judgment interest;

R.     Costs of suit;

S.     Interest;

T.     Reasonable attorney's fees; and

U.     Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: June 23, 2017     By _____

DAVID SPIVAK
SEHYUNG "LOGAN" PARK
Attorneys for Plaintiff, JOSE RIOS LUNA, and all others similarly situated

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

26

*Rios v. Geodis Logistics LLC, et al.*     Individual and Class Action Complaint

**GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM**    06/23/17

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

### THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino.   It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor.  Judge David Cohn presides in the Complex Litigation Department.  The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

### DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

1    Revised August 10, 2016 - GH

**Exhibit A, Page 36**

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department. At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

2

Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

### C. Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.
- All Judicial Council Coordinated Proceedings (JCCP).

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

Petitions for administrative writs of mandamus under Code of Civil Procedure section1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                                    Revised August 10, 2016

Exhibit A, Page 38

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court.   Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree.  The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference.  This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements.  Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

Revised August 10, 2016

**Exhibit A, Page 39**

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

5                                                                    Revised August 10, 2016

**Exhibit A, Page 40**

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

Revised August 10, 2016

**Exhibit A, Page 41**

<u>GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM</u>

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues.  The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing.  No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved.  If the need for a hearing has been eliminated, the motion may simply be taken off-calendar.  Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of documents, are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence.  Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel.  Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege,

Revised August 10, 2016

**Exhibit A, Page 42**

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

Revised August 10, 2016

**Exhibit A, Page 43**

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

## TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised August 10, 2016

**Exhibit A, Page 44**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1712022

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 10/20/17      Time:  8:30      Dept: S26

IN RE: LUNA-V-GEODIS LOGISTICS

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 10/20/17 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy Eberhardt, Interim Court Executive Officer
Date: 06/23/17                                    By: LEANNE LANDEROS
-----------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 06/23/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 06/23/17 at San Bernardino, CA  By: LEANNE LANDEROS

**Exhibit A, Page 45**